

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00314-CR

DAVID JOEL SADDLER                                                                APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On June 15, 2012, as part of a plea bargain agreement, David Joel Saddler pled guilty to theft of property, and the trial court sentenced him to six months' confinement in a state jail facility and certified that Saddler had waived his right to appeal. Saddler filed a pro se notice of appeal on July 19, 2012. On July 20, 2012, we notified Saddler's retained trial counsel that Saddler had filed a pro se notice of appeal, that the trial court's certification indicating that Saddler

---

[1]See Tex. R. App. P. 47.4.

had waived his right to appeal had been filed in this court, and that this appeal could be dismissed unless Saddler or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before July 30, 2012. *See* Tex. R. App. P. 25.2(d), 44.3. This same notification was sent to Saddler. To date, we have received no response from Saddler.

However, we have received a response from Saddler's trial counsel, who has informed us that Saddler entered into a plea-bargain agreement with the State and that the trial court followed the agreement. Counsel also has informed us that Saddler was informed that he would not have the right to appeal. Further, counsel has advised us that he did not file the notice of appeal and that he did not encourage Saddler to file one.

Texas has long held that a valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Ex parte Delaney*, 207 S.W.3d 794, 796 (Tex. Crim. App. 2006); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). A waiver is valid if entered voluntarily, knowingly, and intelligently. *Delaney*, 207 S.W.3d at 796–97; *Monreal*, 99 S.W.3d at 617; *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978). In the present case, the trial court's certification states that Saddler has waived his right to appeal. We also note that this was a plea-bargain case in which the punishment did not exceed the State's recommendation. In such a case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. Tex. R. App. P. 25.2.

2

Saddler has not shown that his waiver was invalid or that, despite his waiver, the trial court nonetheless granted permission to appeal, and he has not advised us that he wishes to appeal matters raised by written motion and ruled on before trial. Accordingly, we hold that Saddler has waived his right to appeal, and we order this appeal dismissed. *See Monreal*, 99 S.W.3d at 622–23; *see also* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 6, 2012

3